United States District Court
Southern District of Texas
**ENTERED**
December 03, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ALEJANDRO DANIEL GRANADOS-VALDES | § § § | |
| VS. | § | CIVIL ACTION NO. 5:25-cv-209 |
| KRISTI NOEM *et al.* | § § | |

## ORDER

This is an immigration-related habeas petition where Petitioner challenges his mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) (Dkt. No. 1 at 6–14). On November 25, 2025, United States District Judge Sunshine Sykes certified a nationwide class under Federal Rule of Civil Procedure 23(b)(2), encompassing:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Maldonado Bautista v. Santacruz, Jr.*, --- F.R.D. ---, 5:25-cv-01873-SSS-BFM, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025). For those individuals, Judge Sykes bestowed "the same declaratory relief granted to [p]etitioners." *Id.*; *see also Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861, at *9–11 (C.D. Cal. Nov. 20, 2025) (finding federal respondents' interpretation of 8 U.S.C. §§ 1225(b)(2), 1226 invalid and granting petitioner's motion for partial summary judgment).

Rule 23(b)(2) provides that certification is proper if Rule 23(a) is satisfied and "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." As the Supreme Court has simplified, a Rule 23(b)(2) class is mandatory, for which the "Rule provides no opportunity for . . . class members to

opt out, and does not even oblige the District Court to afford them notice of the action." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011); *see also Penson v. Terminal Transp.*, 634 F.2d 989, 993 (5th Cir. Unit B 1981) ("[A] member of a class certified under Rule 23(b)(2) has no absolute right to opt out of the class . . . ."). This type of class action stems from "the indivisible nature of the injunctive or declaratory remedy warranted— the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Dukes*, 564 U.S. at 360 (internal quotation marks omitted) (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. REV. 97, 132 (2009)).

In light of the foregoing, the Court requires clarity regarding Petitioner's status in the nationwide class. The parties are **ORDERED** to file advisories, specifically addressing whether Petitioner is a class member, and the effect of the declaratory relief provided for in *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025), by **December 5, 2025**. **Given the time-sensitive nature of Petitioner's claims, no extensions will be granted.**

It is so **ORDERED**.

**SIGNED** December 3, 2025.

Marina Garcia Marmolejo
United States District Judge