United States District Court
Southern District of Texas
**ENTERED**
September 02, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ALEJANDRO DANIEL GRANADOS-VALDES | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:25-cv-209 |
| | § | |
| KRISTI NOEM *et al.*[1] | § | |

**ORDER**

Before the Court is Petitioner's Opposed Motion to Enforce this Court's Order and for Related Relief (Dkt. No. 26). Following its review of his motion and the applicable law, the Court **DENIES** Petitioner's Motion to Enforce (Dkt. No. 26).

## I. BACKGROUND

Petitioner, a Cuban national, entered the United States on or about September 26, 2021 (Dkt. Nos. 1 at 13; 14 at 1; 14-1 at 2). ICE detained him in October 2025, and he remains in their custody (Dkt. Nos. 1 at 2, ¶¶ 1–2; 14 at 3). He filed a petition for a writ of habeas corpus, seeking his immediate release or "a bond hearing pursuant to 8 U.S.C. § 1226(a)" (Dkt. No. 1 at 16–17). The Court ordered Respondents to give Petitioner a bond hearing and they complied (Dkt. No. 22 at 1). However, an Immigration Judge ("IJ") denied Petitioner bond, finding he did not meet his burden regarding flight risk (Dkt. Nos. 24 at 1; 24-1 at 1). Notwithstanding his bond hearing, Petitioner moves to enforce the Court's Order and for his immediate release (Dkt. No. 26).

## II. LEGAL STANDARD

"All orders and judgments of courts must be complied with promptly. *Seven Arts*

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Todd Blanche is automatically substituted for Respondent Pamela Bondi in this case. Markwayne Mullin is automatically substituted for Respondent Kristi Noem and David Venturella is substituted for Respondent Todd Lyons under this same rule. The Clerk of Court is **DIRECTED** to substitute these parties on the docket sheet.

*Filmed Ent. Ltd. v. Jonesfilm*, 538 F. App'x 444, 446 (5th Cir. 2013) (quoting *Maness v. Meyers*, 419 U.S. 449, 458 (1975)). "It is axiomatic that federal courts possess inherent power to enforce their judgments." *Thomas v. Hughes*, 27 F.4th 363, 368 (5th Cir. 2022) (citation modified) (quoting *Peacock v. Thomas*, 516 U.S. 349, 356 (1996)). Absent this authority, "the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution." *Peacock*, 516 U.S. at 356.

## III. DISCUSSION

Petitioner argues the IJ "failed to conduct a constitutionally adequate proceeding" (Dkt. No. 26 at 1). He contests the IJ's assessment of his flight risk, arguing that the IJ "conducted a backward-looking analysis of past immigration conduct rather than a forward-looking assessment of flight risk" and "failed to meaningfully engage with" or "entirely ignored" evidence (Dkt. No. 26 at 2). For this reason, Petitioner requests either his immediate release or for this Court to conduct its own bond hearing. The Court declines to grant the requested relief.

### A. Bond Denial

Essentially, Petitioner argues that he was denied an adequate bond hearing (Dkt. No. 26 at 1–3). As the Court has previously observed, it lacks jurisdiction to examine Petitioner's bond denial. *See Leyva-Marce v. Noem*, 5:26-cv-75, slip op. at 6–8 (S.D. Tex. Feb. 24, 2026) (Garcia Marmolejo, J.).

The Supreme Court's "longstanding view" is that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Demore v. Kim*, 538 U.S. 510, 526 (2003). Congress made clear:

> **The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review**. No court may set aside any action or decision by the Attorney General under this

> section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e) (emphasis added). In other words, "district courts do not have jurisdiction to review discretionary decisions made by an IJ regarding bond." *Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737 (S.D. Tex. 2025) (Saldaña, J.) (citing *Nielsen v. Preap*, 586 U.S. 392, 401 (2019)). A challenge to an IJ's bond decision is expressly barred by § 1226(e). *Makarevich v. Bondi*, No. 1:25-CV-01002-KG-JHR, 2025 WL 3653895, at *1 (D.N.M. Dec. 17, 2025); *see also Perez v. Noem*, No. SA-25-CA-01534-XR, 2025 WL 3654262, at *4 (W.D. Tex. Dec. 5, 2025) (Rodriguez, J.) (citing *Diaz Ortiz v. Smith*, 384 F. Supp. 3d 140, 144 (D. Mass. 2019)) (noting district courts lack jurisdiction to consider an IJ's discretionary decision to deny an alien bond).

Here, Petitioner fails to overcome § 1226(e) because the IJ provided him with a bond hearing and determined he did not meet his burden regarding flight risk (Dkt. Nos. 24 at 1; 24-1 at 1). It is not the Court's place to usurp the IJ's role in weighing the evidence as presented—specifically whether Petitioner's individualized characteristics made him a flight risk. *See Perez Sierra v. Bondi*, No. 25-CV-18829, 2026 WL 497070, at *4 (D.N.J. Feb. 23, 2026) (declining to reach IJ's discretionary decision after a bond hearing was ordered).

**B. Enforcement of Prior Order**

Simply put, the Court is perplexed as to what Petitioner seeks to enforce. The only relief the Court granted in its Order was a bond hearing (*see* Dkt. No. 22). Petitioner concedes Respondents provided him with a bond hearing (Dkt. Nos. 24 at 1 (joint advisory); 26 at 1). Accordingly, Respondents did not fail to perform the act ordered, and the Court rejects Petitioner's invitation to expand its Order and release him.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Emergency Motion to Enforce this Court's Order and for Related Relief (Dkt. No. 26) is **DENIED**. Petitioner's Motion for Expedited Ruling on Motion to Enforce this Court's Order and for Related Relief is **DENIED AS MOOT** (Dkt. No. 28).

It is so **ORDERED**.

**SIGNED** September 2, 2026.

Marina Garcia Marmolejo
United States District Judge